IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BARBARA ANN JACKSON,

    Plaintiff,

vs.                                                    Case No. 4:16cv773-RH/CAS

BANK OF AMERICA, N.A.,
and DAVID H. ABRAMS,

    Defendants.

_____/

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, has filed a civil rights complaint, ECF No. 1, and a motion seeking leave to proceed in forma pauperis, ECF No. 2. Plaintiff's in forma pauperis motion sufficiently demonstrates good cause and the motion is granted. The Clerk of Court shall file Plaintiff's complaint without requiring payment of the filing fee.

    Judicial notice is taken that this is not Plaintiff's first complaint against these same Defendants. This is the third such case.

    Plaintiff initiated case number 4:15cv491-RH/CAS in October of 2015. The case was dismissed in late January 2016 for failure to state a

claim. ECF Nos. 9, 11. The findings were that Plaintiff "alleged no facts plausibly suggesting she has suffered discrimination of any kind." ECF No. 11 at 2.

Plaintiff then filed case number 4:16cv212-RH/EMT in April 2016. That complaint once again raised a claim under "Section 804(b) of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988." ECF No. 2 at 4. Plaintiff provided substantially the same facts as alleged in her second amended complaint in the earlier case. *See* ECF No. 7 at 3; *cf.* ECF No. 2 at 3. Plaintiff's claims concerned a foreclosure proceeding brought by Defendant Bank of America which led to Plaintiff filing for bankruptcy. Plaintiff was represented in the bankruptcy proceeding by the remaining Defendant, attorney David H. Abrams. That case was dismissed because it was barred by the doctrine of res judicata. ECF Nos. 13, 15 of case # 4:16cv212-RH/EMT.

This is Plaintiff's third effort to pursue the same claims against the same parties in the same Court. Plaintiff again alleges she was subject to "unlawful discrimination because of race." ECF No. 1 at 3. She again asserts claims under "Section 804(b) of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988/Equal Credit Opportunity Act." ECF No. 1 at 4.

"The doctrine of res judicata, or claim preclusion, bars the re-litigation of claims that were raised or could have been raised in a prior proceeding." Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013) (cited in McCulley v. Bank of Am., N.A., 605 F. App'x 875, 877 (11th Cir. 2015)). Res judicata bars a successive lawsuit when four elements are met: 1) there was a final judgment on the merits in the first case, (2) the court entering judgment was a court of competent jurisdiction, (3) the parties in the second case were parties in the first case, and (4) both lawsuits involved the same causes of action.  McCulley, 605 F. App'x at 878 (holding that plaintiffs who brought second lawsuit seeking to enjoin mortgage foreclosure "had a full and fair opportunity to litigate" their claims in the first case and the complaint was properly dismissed on res judicata grounds).  All elements are met in this case.  For the third time, Plaintiff is seeking to litigate the same claims against the same parties in the same Court which has jurisdiction over these claims.  The new claims Plaintiff seeks to assert could have been raised previously.  Final judgment was entered in Plaintiff's second prior case just last month (November 26, 2016).  This action is barred by the doctrine of res judicata, as was her second case, and must be dismissed.

Notably, this issue may be raised on the Court's own instance. When "a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." United States v. Sioux Nation, 448 U.S. 371, 432, 100 S.Ct. 2716, 65 L.Ed.2d 844 (1980) (Rehnquist, J., dissenting) (citations omitted) (quoted in Arizona v. California, 530 U.S. 392, 412, 120 S. Ct. 2304, 2318, 147 L. Ed. 2d 374, supplemented, 531 U.S. 1, 121 S. Ct. 292, 148 L. Ed. 2d 1 (2000)).  Notwithstanding, this Report and Recommendation gives notice to Plaintiff and an opportunity to be heard prior to dismissal.  Plaintiff's objections must be timely filed.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion for in forma pauperis status, ECF No. 2, is **GRANTED**.

2.  The Clerk of Court shall file the complaint without requiring payment of the filing fee.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** because this case is barred by the doctrine of res judicata.

**IN CHAMBERS** at Tallahassee, Florida, on December 22, 2016.

    s/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**